UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

HECTOR FERNANDEZ,

                              Plaintiff,

          -against-

WOODHULL MEDICAL AND MENTAL HEALTH CENTER, NORTH BROOKLYN HEALTH NETWORK, AND NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,

                              Defendants.

**ANSWER**

14 Civ 4191 (MKB)(CLP)

------------------------------------------------------------------------x

        Defendants, Woodhull Medical and Mental Health Center ("Woodhull"), the North Brooklyn Health Network, ("North Brooklyn") and the New York City Health and Hospitals Corporation ("HHC") ("Defendants"), by their attorney, **ZACHARY W. CARTER**, Corporation Counsel of the City of New York, as and for their answer to the Complaint, respectfully allege as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint except admit that plaintiff purports to proceed as stated in this paragraph.

        2. Deny the allegations set forth in paragraph "2" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of the Court in this paragraph and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

        3. Deny the allegations set forth in paragraph "3" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of the Court in this paragraph and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

4. Deny the allegations set forth in paragraph "4" of the Complaint except admit that plaintiff purports to set forth the basis of venue in this paragraph and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

5. Deny the allegations set forth in paragraph "5" of the Complaint except admit that plaintiff purports to proceed as stated in this paragraph.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint except admit that New York City Health and Hospital Corporation ("HHC") is a public benefit corporation and respectfully refer the Court to N.Y. Unconsolidated Laws, Ch 214-A, §§ 1, 7381, et seq. for a complete and accurate description of the powers and duties of HHC.

8. Deny the allegations set forth in paragraph "8" of the Complaint except admit that North Brooklyn Health Network ("North Brooklyn") is a health care network located in the County of Kings, State of New York.

9. Deny the allegations set forth in paragraph "9" of the Complaint except admit that Woodhull Medical and Mental Health Center ("Woodhull") is a health care facility located in the County of Kings, State of New York.

10. Deny the allegations set forth in paragraph "10" of the Complaint except admit that New York City Health and Hospital Corporation ("HHC") is a public benefit corporation and respectfully refer the Court to N.Y. Unconsolidated Laws, Ch 214-A, §§ 1, 7381, et seq. for a complete and accurate description of the powers and duties of HHC, and admit that North Brooklyn is a health care network and Woodhull is a health care facility within the North Brooklyn health care network operated by HHC.

11. Deny the allegations set forth in paragraph "11" of the Complaint except admit that plaintiff's employment with Woodhull began on or about April 24, 1989 when he was hired as a Coordinating Manager.

12. Deny the allegations set forth in paragraph "12" of the Complaint except admit that Woodhull is a healthcare facility in the North Brooklyn health network.

13. Deny the allegations set forth in paragraph "13" of the Complaint except admit to the HIV initiative at Woodhull.

14. Deny the allegations set forth in paragraph "14" of the Complaint except admit that plaintiff was reassigned as Associate Director of the Ambulatory Care Department at Woodhull on or about June 9, 2009.

15. Deny the allegations set forth in paragraph "15" of the Complaint except admit that plaintiff's duties included monitoring operational aspects of the clinic and ensuring compliance with applicable standards and regulations, and addressing patient concerns.

16. Deny the allegations set forth in paragraph "16" of the Complaint except admit that plaintiff received training.

17. Deny the allegations set forth in paragraph "17" of the Complaint, including subparts a. - k.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

20. Deny the allegations set forth in paragraph "20" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

21. Deny the allegations set forth in paragraph "21" of the Complaint and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

22. Deny the allegations set forth in paragraph "22" of the Complaint except admit that the Joint Commission is an accreditation organization used to determine Medicaid and Medicare eligibility.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint except admit that plaintiff applied for and received leave under the FMLA in or about early March 2013.

33. Deny the allegations set forth in paragraph "33" of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations that

"plaintiff was the only one who had taken FMLA leave," and admit that plaintiff returned to work on or about May 5, 2013.

34. Deny the allegations set forth in paragraph "34" of the Complaint except admit that plaintiff was transferred to the Williamsburg Community Health Center ("the Williamsburg facility") on or about May 31, 2013.

35. Deny the allegations set forth in paragraph "35" of the Complaint except admit that the Williamsburg facility is an off-site community health center.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was hospitalized in March 2013 for epididymitis and admit that in and around June 2013, plaintiff was hospitalized for epididymitis.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint except admit that plaintiff was terminated on December 9, 2013.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint except admit that plaintiff was terminated.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. In response to paragraph "45" of Complaint defendants repeat and re-allege their responses to paragraphs "1" through "44" of the Complaint, as if fully set forth here.

46. Deny the allegations set forth in paragraph "46" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

47. Deny the allegations set forth in paragraph "47" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint except admit that plaintiff applied for and received FMLA leave.

49. Deny the allegations set forth in paragraph "49" of the Complaint except admit that plaintiff was transferred from Woodhull to the Williamsburg facility.

50. Deny the allegations set forth in paragraph "50" of the Complaint except admit that plaintiff went on FMLA leave a second time.

51. Paragraph "51" of the Complaint sets forth a legal conclusion to which no response is required. To the extent this paragraph is found to interpose allegations of fact, defendants deny those allegations.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. In response to paragraph "54" of Complaint defendants repeat and re-allege their responses to paragraphs "1" through "53" of the Complaint, as if fully set forth here.

55. Deny the allegations set forth in paragraph "55" of the Complaint except admit that plaintiff was an Associate Director.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint respectfully refer the Court to N.Y. Unconsolidated Laws, Ch 214-A, §§ 1, 7381, et seq. for a complete and accurate description of the powers and duties of HHC.

58. Deny the allegations set forth in paragraph "58" of the Complaint except admit that Woodhull is a public health care facility within the North Brooklyn network and HHC.

59. Deny the allegations set forth in paragraph "59" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Paragraph "63" of the Complaint sets forth a legal conclusion to which no response is required. To the extent this paragraph is found to interpose allegations of fact, defendants deny those allegations.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. In response to paragraph "66" of Complaint defendants repeat and re-allege their responses to paragraphs "1" through "65" of the Complaint, as if fully set forth here.

67. Deny the allegations set forth in paragraph "67" of the Complaint except admit that plaintiff was an Associate Director.

68. Deny the allegations set forth in paragraph "68" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

69. Deny the allegations set forth in paragraph "69" of the Complaint respectfully refer the Court to N.Y. Unconsolidated Laws, Ch 214-A, §§ 1, 7381, et seq. for a complete and accurate description of the powers and duties of HHC.

70. Deny the allegations set forth in paragraph "70" of the Complaint except admit that Woodhull is a public health care facility with one or more employees within the North Brooklyn network and HHC.

71. Deny the allegations set forth in paragraph "71" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

72. Paragraph "72" of the Complaint sets forth a legal conclusion to which no response is required. To the extent this paragraph is found to interpose allegations of fact, defendants deny those allegations.

73. Deny the allegations set forth in paragraph "73" of the Complaint and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

74. Deny the allegations set forth in paragraph "74" of the Complaint and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

**AS AND FOR A FIRST DEFENSE**

78. The Complaint fails to state any claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

79. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD DEFENSE**

80. The Complaint is barred, in whole or in part, by the election of remedies doctrine.

**AS AND FOR A FOURTH DEFENSE**

81. At all times relevant to the acts alleged in the Complaint, defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith for nondiscriminatory, legitimate, business reasons, and without malice or without willful intent to violate any applicable law, rule or regulation.

**AS AND FOR A FIFTH DEFENSE**

82. The Complaint is barred by plaintiff's failure to satisfy statutory conditions precedent to suit.

**AS AND FOR A SIXTH DEFENSE**

83. Subject to proof of disclosure, plaintiff has failed to mitigate his damages, if any.

**AS AND FOR A SEVENTH DEFENSE**

84. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

## AS AND FOR A EIGHTH DEFENSE

85. Defendants would have taken the same actions with respect to plaintiff regardless of plaintiff's alleged complaints and/or FMLA leave.

## CONCLUSION

**WHEREFORE,** defendants respectfully requests that the Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 6, 2014

**ZACHARY W. CARTER**
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 2-124
New York, N.Y. 10007-2601
212-356-2461

By: [ECF]  /s/
Donna A. Canfield
Assistant Corporation Counsel

To: **Walker G. Harman, Jr.**
The Harman Firm, P.C.
1776 Broadway - Suite 2030
New York, NY 10019

14 Civ 4191 (MKB) (CLP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR FERNANDEZ,

Plaintiff,

-against-

WOODHULL MEDICAL AND MENTAL HEALTH CENTER, NORTH BROOKLYN HEALTH NETWORK, AND NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,

Defendants.

## ANSWER

### ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-124
New York, New York  10007-2601

Of  Counsel:  Donna A. Canfield
Tel.:  212-356-2461

Law Manager No.: 2014-0237084

*Service of which is hereby acknowledged:*

, N.Y.  Dated:

Signed:

Print Name:

Attorney for: